## Case No. 8,750.

### In re McDERMOTT PATENT BOLT MANUF'G CO.

[3 Ben. 369;¹ 3 N. B. R. 128 (Quarto, 33).]

District Court, S. D. New York. Aug., 1869.

BANKRUPTCY — WHAT IS COMMERCIAL PAPER—OBJECT FOR WHICH MONEY USED.

1. A note and a due bill given for money loaned to a manufacturing company, payable on demand, is not "commercial paper" within the

---

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

meaning of the 39th section of the bankruptcy act [of 1867 (14 Stat. 536)].

[Disapproved in Re Chandler, Case No. 2,591; Re Carter, Id. 2,470. Cited in Re Clemens, Id. 2,877.]

[See In re Hollis, Case No. 6,621. See, contra, In re Nickodemus, Id. 10,254; In re Stevens, Id. 13,393; In re Kenyon, 6 N. B. R. 238; In re Hercules Ins. Co., Case No. 6,402; In re Clemens, Id. 2,878.]

2. The object to which the money borrowed was applied. cannot affect the character of the instrument given as evidence of the indebtedness.

[In the matter of the McDermott Patent Bolt Manufacturing Company, involuntary bankrupts.]

John Todd, for petitioners.
J. D. Taylor, for debtors.

BLATCHFORD, District Judge. The alleged act of bankruptcy in this case is, that the company, a corporation, on the 10th of March, 1869, being a merchant and trader, fraudulently stopped or suspended and did not resume payment of its commercial paper within a period of fourteen days. Such paper consists of two instruments. One is a promissory note, dated November 12th, 1868, and signed by the president and secretary of the company, and reading as follows: "On demand, after date, we, the McDermott Pat. Bolt Mfg. Co. promise to pay to the order of John E. Walsh, three hundred dollars, at the office of Co. Value received." The other is a receipt or due bill, signed by the treasurer of the company, and in the words following: "Received, New York, Nov. 7, '68, from Mr. J. C. Brinck, two hundred doll. for the McDermott Pat. Bolt Manufg. Co. as a loan for their use, the same to be returned, due on demand." I do not think that, on the facts proved in this case, either of these instruments can be regarded as "commercial paper," within the meaning of those words in the 39th section of the bankruptcy act. The consideration of each of them was a loan of money made to the company by the payee named therein. The consideration was unconnected with merchandise, trade or commerce, or with any mercantile, trading or commercial transaction. The object to which the money borrowed by the company was applied by it, cannot affect the character of the instruments given as evidences of the indebtedness, even though it was previously known to the lenders that the money would be applied to such object. Both of the instruments are payable on demand. The one to Brinck has no feature of negotiability on its face; and, although the note to Walsh is payable to his order, yet, in view of the fact that it is made payable on demand, and of the actual consideration for it, its negotiable form is not sufficient to make it commercial paper, within the 39th section. That section requires that the debtor must be a merchant or trader, and must have fraudulently stopped or suspended payment of his commercial

paper. This I understand to mean a fraudulent stoppage or suspension of payment of commercial paper given by him in his character as a merchant or trader. The note to Walsh and the due-bill to Brinck were not thus given. The petition must be dismissed, with costs to be paid by the petitioning creditors.